IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| STEPAHNIE THORNTON, on behalf of herself and others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: |
| DOLGENCORP, LLC | )<br>)<br>) |
| Defendant. | )<br>) |

## **COMPLAINT**

COMES NOW the Plaintiff, STEPAHNIE THORNTON ("PLAINTIFF"), on behalf of herself and others similarly situated, and files this Complaint against DEFENDANT, DOLGENCORP, LLC ("DEFENDANT") respectfully stating unto the Court the following:

## **GENERAL ALLEGATIONS**

1. This is a cause of action to recover compensatory and liquidated damages, attorney fees, and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA").

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Kentucky corporation with a retail store in Sanderson, Florida, which is where PLAINTIFF was employed at all relevant times.

## **BACKGROUND**

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. At all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9. In or around September 2019, PLAINTIFF was hired to work as a sales associate for DEFENDANT and she was paid on an hourly basis. The proposed collective class of individuals consists of employees of DEFENDANT, who like PLAINTIFF were hourly workers, including cashiers and sales associates that performed work off the clock for which they received no compensation.

10. Throughout her employment, PLAINTIFF routinely worked through her breaks, stayed late, and performed work off the clock at the instruction and knowledge of her supervisor, "Miss Sue". The similarly situated employees are also believed to have performed work off the clock at the direction of DEFENDANT in the store where PLAINTIFF worked.

11. No additional compensation was ever paid to PLAINTIFF and similarly situated individuals who also worked through their breaks and worked off the clock.

12. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and

one-half when they work more than 40 hours per week.

13. Despite working at the direction and knowledge of DEFENDANT, PLAINTIFF and those similarly situated were not paid at all for the hours they worked off the clock.

14. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF and those similarly situated for time actually worked and time and one-half for overtime hours she worked.

15. PLAINTIFF and those similarly situated are therefore, owed compensation for time actually worked but not paid, and back wages by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

17. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF and those similarly situated, handled and used materials, which have moved in interstate commerce.

18. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

19. PLAINTIFF and those similarly situated, at all relevant times were non-exempt employees of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work off the clock for which they received no compensation.

20. During their employment with DEFENDANT, PLAINTIFF and those similarly situated performed work for which they were not compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the minimum wage provision of the FLSA by failing to pay PLAINTIFF and those similarly situated at least minimum wage for all the time they worked.  DEFENDANT also violated the overtime provisions of the FLSA by failing to pay PLAINTIFF and those similarly situated time and one-half when they worked more than 40 hours per week.

21. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF and those similarly situated by DEFENDANT.

22. DEFENDANT'S failure to compensate PLAINTIFF and those similarly situated for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

23. DEFENDANT'S failures to compensate PLAINTIFF and those similarly situated for all compensable hours and to pay them time and one-half for their overtime were willful and knowing violations of the Acts.

24. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF and those similarly situated, they have suffered substantial delay in receipt of wages owed and damages.

25. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF and those similarly situated compensation for unpaid work, time and one-half pay for their unpaid overtime, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

26. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF and those similarly situated will recover unpaid wages, unpaid overtime, liquidated damages, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; for an Order enjoining DEFENDANT from continuing its practice of having employees perform work "off the clock" and/or failing to pay employees for time actually worked, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

27. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

28. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid $8.43 per hour for each hour she worked.

29. PLAINTIFF performed as agreed pursuant to her agreement with DEFENDANT but DEFENDANT breached the agreement by not paying PLAINTIFF for all the time she worked.

30. As a result of DEFENDANT'S failure to pay PLAINTIFF, she has suffered delay in receipt of her wages and has been required to retain an attorney to help her get her pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, nominal relief, pre- and post-

judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; for an Order enjoining DEFENDANT from continuing its practice of having employees perform work "off the clock" and/or failing to pay employees for time actually worked, and, for such other and further relief as the Court may deem just and proper.

Dated:  November 24, 2020

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF