IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| STEPHANIE THORNTON, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 3:20-cv-01334 ) |
| DOLGENCORP, LLC | ) ) |
| Defendant. | ) ) ) |

## UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff STEPHANIE THORNTON, through her undersigned counsel, files this Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice and requests the Court to approve the parties' settlement of Plaintiff's claims under the Fair Labor Standards Act as follows:

1. This case is for unpaid wages under the FLSA. The Complaint alleges Plaintiff worked off the clock for Defendant and was not paid for the hours she worked while clocked out.

2. In total, Plaintiff claimed to have worked off the clock for up to two hours per week over a period of 40 weeks. The maximum amount she claimed to be owed is $1,500.00, plus another $1,500.00 in liquidated damages. Defendant denied Plaintiff was entitled to any overtime pay as she never worked more than 40 hours in any given week, even taking into account an allegation that she worked up to two hours off-the-clock in any given week. Defendant contends that Plaintiff was paid properly for all hours worked and disputes all of her claims.

3. Following settlement discussions by counsel for the parties and as a compromise of a bona fide dispute, the parties have reached a full and complete settlement of Plaintiff's claims. A copy of the agreement is attached hereto as Exhibit "A". The agreement provides in pertinent part:

    a. One check in the amount of One Thousand Five Hundred and XX/100 Dollars ($1,500), less applicable taxes and withholdings, made payable to Stephanie Thornton, to be reported via IRS form W-2, which represents alleged back pay/any lost wages/any unpaid wages and compensation for a release of all wage and hour claims;

    b. One check in the amount of One Thousand Five Hundred and no/100 Dollars ($1,500), made payable to Stephanie Thornton, to be reported via IRS form 1099, which amount represents liquidated damages and further compensation for a release of all wage and hour claims; and

    c. One check in the amount of One Thousand Five Hundred and no/100 Dollars ($1,500) made payable to Stephanie Thornton, which amount represents compensation for a release of all other claims, to be reported via IRS form 1099.

    d. Defendants will pay Plaintiff's attorney Matthew Birk a gross amount of $3,750.00 in settlement of Plaintiff's attorney's fees and costs related to all claims Plaintiff has or may have. This amount was negotiated separately from the amount Plaintiff is to be paid on her individual claims.

4. The settlement is a fair and reasonable resolution of a bona fide dispute under Lynn's Food stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Defendant has

agreed to pay the full value of Plaintiff's claims and Plaintiff is being made whole on her wage and hour claims, and liquidated damages in the same amount, pursuant to the settlement agreement.

5. The amount of attorney's fees and costs was negotiated separately and without regard to the settlement of Plaintiff's claims.

6. The parties are independently represented by counsel and have agreed to settle this case voluntarily and knowingly.

7. Upon the Court's approval of the parties' settlement of this action, the parties agree to the dismissal of this matter, with prejudice and stipulate to a final order of dismissal.

WHEREFORE, the parties request that the settlement be approved, and this case be dismissed with prejudice.

## MEMORANDUM OF LAW

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

The settlement of the instant action involves a situation where Plaintiff is being made whole on all alleged wage and hour claims, and she is being provided with liquidated damages in the same amount of her alleged wage and hour claims. All parties are represented by counsel, and there is no overreaching as Plaintiff negotiated for the full value of her back pay and liquidated

3

damages claims and separately negotiated attorney's fees and costs without regard to the settlement of Plaintiff's claims.

Wherefore, the Parties respectfully submit that the settlement is a reasonable compromise of the disputed issues and should be approved.

Respectfully submitted this 16th day of April, 2021.

| | |
|---|---|
| THE LAW OFFICE OF<br>MATTHEW BIRK, LLC<br><br>/s/ Matthew W. Birk<br>Matthew W. Birk<br>Florida Bar No.: 92265<br>mbirk@gainesvilleemploymentlaw.com<br>309 NE 1st Street<br>Gainesville, FL 32601<br>Telephone: 352-244-2069<br>Facsimile: 352-372-3464<br><br>*Counsel for Plaintiff* | |